IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 07-cv-02319-CMA-BNB

ALLEN BERGERUD,

    Plaintiff,

v.

JOSEPH FORTUNATO, D.O.,
KATHY RITTENHOUSE, N.P., and
BRIAN WEBSTER, P.A.,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING JULY 16, 2010 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

    This case is a civil rights action brought by an inmate at Sterling Correctional Facility ("SCF") against three SCF medical officials pursuant to 42 U.S.C. § 1983. This matter comes before the Court on Defendants' Motion for Summary Judgment. (Doc. # 44.) On July 16, 2010, Magistrate Judge Boland issued a Recommendation that Defendants' Motion for Summary Judgment be granted and judgment be entered for Defendants on all of Plaintiff's claims. (Doc. # 64.) On July 29, 2010, Plaintiff filed his Objections. (Doc. # 65.) In light of the Objections, the Court has reviewed the issues, the Recommendation, and Plaintiff's Objections. For the following reasons, the Court AFFIRMS and ADOPTS the Magistrate Judge's Recommendation.

## I. BACKGROUND

The facts, including a lengthy statement of the undisputed facts, are detailed within the Magistrate Judge's Recommendation, which the Court incorporates herein. The Court will provide only a brief overview of the facts and procedural history and will expand on them, if necessary, within the analysis.

Plaintiff Allen Bergerud, who is proceeding *pro se*, is currently incarcerated at SCF. (Doc. # 52 at 18.) He commenced this action on November 5, 2007 and asserts two Eighth Amendment claims against Defendants. (Doc. # 36 at 7-9.) His first claim alleges that Defendants violated the Eighth Amendment in mistreating a pelvis injury he sustained. (*Id.* at 7-8.) His second claim alleges Defendants violated the Eighth Amendment in mistreating his diabetes. (*Id.* at 8-9.) Plaintiff seeks monetary damages, declaratory relief, and injunctive relief. (*Id.* at 10.)

On October 30, 2009, Defendants filed a Motion for Summary Judgment arguing: (1) the undisputed facts entitle them to summary judgment and (2) that they are entitled to qualified immunity. (Doc. # 44 at 17, 31.) On November 30, 2009, Plaintiff filed his response (Doc. # 53), which he supplemented on December 17, 2009 (Doc. # 58). Defendants replied on January 15, 2010. (Doc. # 63.) On July 16, 2010, Magistrate Judge Boland issued his Recommendation. (Doc. # 64.) He concluded that because Plaintiff has not shown that Defendants violated his Eighth Amendment rights, Defendants are entitled qualified immunity. (*Id.* at 24.) On July 29, 2010, Plaintiff objected to the Recommendation. (Doc. # 65.)

## II. STANDARD OF REVIEW

### A. *PRO SE* PLAINTIFF

Because Plaintiff is proceeding *pro se*, the Court recognizes that he is entitled to a liberal construction of his filings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For example, the Court may treat a *pro se* litigant's complaint as an affidavit if it alleges facts based on personal knowledge and has been sworn under penalty of perjury. *Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985)). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). Moreover, a *pro se* litigant must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall*, 935 F.2d at 1110.

### B. RECOMMENDATION OF MAGISTRATE JUDGE

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations[1] and specific enough to enable the

---

[1] Fed. R. Civ. P. 72(a).

"district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). The requirement that objections be timely and specific "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *Id.*; *accord United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981) ("[T]he fundamental congressional policy underlying the Magistrate's Act [is] to improve access to the federal courts and aid the efficient administration of justice."). "[A] party's objections to the magistrate judge's recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court." *Id.* at 1060. In the absence of timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**C. SUMMARY JUDGMENT**

Summary judgment is warranted under Federal Rule of Civil Procedure 56(c) when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of

4

the claim.  *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).  When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Id.*

**D.    QUALIFIED IMMUNITY**

The traditional summary judgment analysis is expanded when qualified immunity applies.  When a defendant asserts a qualified immunity defense in a summary judgment motion, the burden first falls to the plaintiff to make a two-pronged showing that qualified immunity is inapplicable.  *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (citing *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995)).  Plaintiff must establish that: (1) the Defendants violated a constitutional right; and (2) the constitutional or statutory right was clearly established when the alleged violation occurred.  *Bliss v. Franco*, 446 F.3d 1036, 1043 (10th Cir. 2006) (citation omitted).  The Court can consider these prongs in the order it chooses.  *See Weise v. Casper*, 593 F.3d 1163, 1167 (10th Cir. 2010) (citing *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009)).  Although the Court "review[s] the evidence in the light most favorable to the nonmoving party, the record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity."  *Medina*, 252 F.3d at 1128 (citation omitted).  If Plaintiff satisfies this two-part test, Defendants will then bear "the usual burden of a party moving for summary judgment

5

to show that there are no genuine issues of material fact and that [they are] entitled to judgment as a matter of law." *Bliss*, 446 F.3d at 1043 (citation and internal quotation marks omitted).

### III. ANALYSIS

Defendants move for summary judgment on two grounds: (1) the evidence presents no genuine issue of material fact and (2) they are entitled to qualified immunity. The Magistrate Judge discussed both simultaneously. He recommended that Defendants be granted qualified immunity and that summary judgment be entered in their favor on both claims. (Doc. # 64 at 21, 24.)

Plaintiff filed ten enumerated objections to the Magistrate Judge's Recommendation. (Doc. # 65.) Given the standard or review, though, the Court can conduct a *de novo* review of only four of these objections; the others are either too general or – though labeled "objection" – are not objections at all.[2] As to the four proper

---

[2] The Court finds that the following six objections – enumerated as reflected in Plaintiff's list – are not specific: (1) Plaintiff's objection to "the finding that summary judgment should be granted to the Defendants for both of his claims;" (2) Plaintiff's objection to "the Magistrate's apparent finding that no genuine issue of material fact exists;" (3) Plaintiff's objection to the "Magistrate's finding that deliberate indifference was not demonstrated . . . in relation to Claim One;" (4) Plaintiff's objection to the "Magistrate's characterization regarding his broken pelvis;" (8) Plaintiff's request that the Court take judicial notice of the fact that the Colorado Department of Corrections "has a long history of mistreatment of diabetics;" and (10) Plaintiff's objection to the Magistrate Judge finding that deliberate indifference was not demonstrated in relation to Claim Two. (Doc. # 65, ¶¶ 1-4, 8, 10.)

Objections 1-3 and 10 are not specific because they do not identify the specific facts or legal authority demonstrating that the Magistrate Judge's determination was incorrect. Thus, they do not allow the Court to "focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). Plaintiff's "objections" 4 and 8 are not true objections because they focus on issues immaterial to the outcome. For example, Plaintiff objects to the Magistrate Judge's characterization of his hip injury; this characterization, however, is immaterial because

6

objections, they fall into two categories: (a) the Magistrate Judge failed to give Plaintiff's affidavits proper consideration; and (b) three of the Magistrate Judge's findings regarding Defendants' deliberate indifference are incorrect. (Doc. # 65, ¶¶ 6, 5, 7, 9.) The Court will consider these categories in turn.

**A.  PLAINTIFF'S AFFIDAVITS**

Plaintiff objects to the treatment the Magistrate Judge gave his affidavits. (Doc. # 65, ¶ 6.) He argues the Magistrate Judge improperly weighed their credibility, which is a jury issue, and did not construe the facts in his favor, as the Court must given Plaintiff's role as the nonmoving party. (*Id.*) In light of the objections, the Court has conducted a *de novo* review of the Magistrate Judge's treatment of Plaintiff's affidavits.

It is true that in evaluating a summary judgment motion, the Court must view the evidence and all reasonable inferences therefrom in light most favorable to the nonmoving party;[3] the Court, however, need not accept conclusory allegations in the nonmovant's affidavits. "To survive summary judgment, a nonmovant's affidavits must be based on personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient." *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (citing *Hall v. Belmon*, 935 F.2d 1106, 1111 (10th Cir. 1991)).

---

Defendants concede that Plaintiff's injuries are serious. (Doc. # 44 at 18.) And Plaintiff's request that the Court take judicial notice is not an objection—it is a request. Moreover, it is immaterial to the resolution of Defendants' motion. For these reasons, the Court disregards these six objections.

[3]  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

In its *de novo* review of the Recommendation, the Court finds four instances where the Magistrate Judge disregarded declarations in Plaintiff's affidavits. (Doc. # 64 at 20-21, 23.) The Court address each instance in turn.

In the first instance, the Magistrate Judge discredited Plaintiff's declaration that Defendant Fortunato, an SCF doctor, ignored his complaint that the pain medication for Plaintiff's pelvis was not working and ended the medication. (*Id.* at 20; Doc. # 52 at 36, ¶ 9.) This Court finds that the Magistrate Judge correctly disregarded this part of the affidavit because the undisputed facts[4] contradicted Plaintiff's declarations. For example, it is undisputed that Dr. Fortunato initially saw Plaintiff on March 9, 2006, to evaluate his injuries from an alleged fall occurring on March 4, 2006. It is also undisputed that on March 22, 2006, Dr. Fortunato renewed Plaintiff's Motrin for an additional six weeks and his Vicodin for an additional three weeks. These facts show that Dr. Fortunato did not ignore Plaintiff's complaint regarding his pain medication; to the contrary, he extended Plaintiff's Motrin prescription and added Vicodin. Moreover, Plaintiff's contention is conclusory; he does not state when he complained to Dr. Fortunato and when Dr. Fortunato allegedly ended the pain medication.

Similarly, the Magistrate Judge correctly discredited Plaintiff's declaration that Defendant Webster, a physician's assistant at SCF, knew of Plaintiff's pain from Plaintiff's fractured pelvis yet did not provide Plaintiff with pain medication. (Doc. # 64 at 20.) This statement is conclusory because it does not state how Defendant Webster

---

[4] (Doc. # 44 at 3, ¶ 11, at 7, ¶ 37; Doc. # 52 at 5-6, ¶¶ 11, 37.)

knew of Plaintiff's pain.  See Fed. R. Civ. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge[.]").  Moreover, the undisputed facts contradict Plaintiff's declaration; it is undisputed that when Webster saw Plaintiff for the first time, he added Humabid, a medication that boosts the effects of Vicodin.  (Doc. # 64 at 13, ¶ 53.)

The Magistrate Judge also correctly disregarded Plaintiff's declaration that Defendant Rittenhouse, an SCF nurse, knew of Plaintiff's fractured pelvis and did nothing to help it heal.  (*Id.* at 20-21.)  Plaintiff does not provide any evidence, such as how Defendant Rittenhouse knew he had a fractured pelvis, to support this allegation.

Finally, the Magistrate Judge correctly disregarded Plaintiff's declaration that Defendants were deliberately indifferent because they denied Plaintiff's request that he be assigned to a bottom bunk.  (*Id.* at 23.)  Because Plaintiff "does not provide any evidence to show to whom he made his request for a bottom bunk, the date he requested the bottom bunk, who denied his request for a bottom bunk, or why [his] request was denied," the Magistrate Judge correctly disregarded this allegation as conclusory.  (*Id.*)

Therefore, this Court finds that the Magistrate Judge treated Plaintiff's affidavits correctly as he disregarded conclusory declarations and discredited declarations that conflicted with the undisputed facts.  Plaintiff's objection to this treatment is without merit.

## B. DEFENDANTS' ALLEGED DELIBERATE INDIFFERENCE

Plaintiff also objects to various findings he claims were made by the Magistrate Judge. (Doc. # 65, ¶¶ 5, 7, 9.) Specifically, he objects to the following findings: (1) that "as long as 'some treatment' is provided there can be no Eighth Amendment claim;" (2) that "because he was seen on numerous occasions by Defendants it disproves deliberate indifference;" and (3) that "it was okay for Dr. Fortunato to deny him a noon shot of regular insulin before meal-time." (*Id.*) Although the Court is not convinced these Objections necessitate a *de novo* review, as Plaintiff inaccurately portrays the Magistrate Judge's findings, the Court has nevertheless conducted a *de novo* review.

In order to have a cognizable Eighth Amendment claim against prison officials, Plaintiff must demonstrate that: (1) the deprivation Plaintiff suffered is "sufficiently serious" (objective standard), and (2) the official had a culpable state of mind (subjective standard). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Defendants concede that at all times relevant Plaintiff had a sufficiently serious medical need in satisfaction of the objective standard of the Eighth Amendment test. (Doc. # 44 at 18.) The Court will therefore focus its analysis on the subjective standard of the Eighth Amendment test.

Concerning the subjective standard, an official acts with a culpable state of mind if he acts with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An official is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the

10

inference." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (quoting *Farmer*, 511 U.S. at 837) (internal quotations omitted). In the medical context, "the subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment." *Id.* at 1232.

Plaintiff objects to the Magistrate Judge finding that as long as some treatment is provided to prisoners, there can be no Eighth Amendment claim. (Doc. # 65, ¶ 5.) The Magistrate Judge, however, never made this finding. (*See* Doc. # 64 at 25.) The Magistrate Judge instead found that Plaintiff's disagreement with Defendants' prescribed course of treatment does not rise to the level of an Eighth Amendment violation. (*Id.*) The Court agrees. The undisputed facts demonstrate that each Defendant tried to help Plaintiff manage his diabetes.[5] (*Id.* at 2-16.) Plaintiff argues their efforts were ineffective; but even if ineffective, Defendants' efforts demonstrate that they were not deliberately indifferent to Plaintiff's medical needs. At most, the facts suggest Defendants were negligent – negligence, however, is not actionable under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).[6] As such, the Court finds this objection is without merit.

---

[5] Specifically, Dr. Fortunato prescribed Plaintiff Lantus, an insulin shot, to help Plaintiff manage his diabetes. (Doc. # 64 at 8, ¶ 27.) Dr. Fortunato later altered the dosage based on Plaintiff's test results and attended a meeting where he advised Plaintiff of methods to help Plaintiff control his diabetes. (*Id.* at 10, ¶ 35.) Defendants Webster and Rittenhouse also attended this meeting. (*Id.*) Defendant Rittenhouse counseled Plaintiff at other times on how to manage his diabetes. (*Id.* at 12, ¶ 48.) Defendant Webster adjusted Plaintiff's insulin levels based on Plaintiff's test results. (*Id.* at 14, ¶ 57.)

[6] *See also Self v Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006).

Plaintiff's second objection is that the Magistrate Judge incorrectly found that Defendants did not violate the Eighth Amendment because they saw Plaintiff at numerous appointments. (Doc. # 65, ¶ 7.) He argues that this demonstrates they were deliberately indifferent in violation of the Eighth Amendment because they made his condition worse. (*Id.*) It is undisputed, however, that the treatment for diabetes varies from person to person and medical personnel commonly adjust the amount of insulin a diabetic receives. (Doc. # 64 at 4, ¶ 5.) As such, the fact Defendants saw Plaintiff on numerous occasions demonstrates that they were not disregarding a risk to Plaintiff's health. *See Self*, 439 F.3d at 1231. To the contrary, it demonstrates they were actively treating Plaintiff's diabetes and attempting to help him manage his diabetes. The fact that Defendants' medical judgment may have been incorrect does not support an Eighth Amendment violation. *Id.* at 1232.

Plaintiff's final objection is that the Magistrate Judge incorrectly found that it was "okay for Dr. Fortunato to deny him a noon shot of regular insulin before meal-time." (Doc. # 65, ¶ 9.) Plaintiff believes that "in order to eat safely" he required this shot. (*Id.*) Plaintiff's contention is wrong for two reasons. First, the Magistrate Judge did not find that it was "okay" for Dr. Fortunato to deny him a shot of insulin. The Magistrate Judge found that Dr. Fortunato denying Plaintiff insulin did not rise to the level of an Eighth Amendment violation. (Doc. # 63 at 22.) Furthermore, the facts demonstrate that Plaintiff disagreed with Dr. Fortunato's decision; however, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a

12

constitutional violation." *Oxedine v. Kaplan*, 241 F.3d 1272, 1277 n.7 (10th Cir. 2001) (quoting *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 811 (10th Cir. 1999)). Therefore, Plaintiff's objections are without merit.

## IV. CONCLUSION

The Magistrate Judge concluded that Plaintiff failed to demonstrate that Defendants violated the Eighth Amendment in treating his pelvic injury (Plaintiff's Claim One) and his diabetes (Plaintiff's Claim Two) and, therefore, recommended granting summary judgment in favor of Defendants. (Doc. # 64 at 24.) The Court agrees with the Magistrate Judge that Plaintiff has failed to demonstrate that Defendants violated his Eighth Amendment rights. The record demonstrates that Defendants did not disregard a risk to Plaintiff's health; to the contrary, they attempted to treat Plaintiff's diabetes and hip injury. Plaintiff believes that Defendants did not treat his conditions properly because the treatment did not work. But, as discussed earlier, a plaintiff's disagreement with a prescribed course of treatment does not give rise to an Eighth Amendment violation. *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 811 (10th Cir. 1999). Plaintiff has not met his burden to demonstrate that Defendants violated a constitutional right. *Bliss v. Franco*, 446 F.3d 1036, 1043 (10th Cir. 2006). The Magistrate Judge correctly determined that Defendants are to summary judgment in their favor.

Accordingly, the Court OVERRULES Plaintiff's Objections (Doc. # 65) and ADOPTS and AFFIRMS the July 16, 2010 Recommendation of Magistrate Judge Boland (Doc. # 64).

Thus, Defendant's Motion for Summary Judgment (Doc. # 44) is GRANTED and this action is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the parties shall bear their own costs and attorneys' fees.

DATED: August __18__, 2010

BY THE COURT:

*signature*

_____
CHRISTINE M. ARGUELLO
United States District Judge